**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AARON DUBOIS, | No. 13-36122 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03118-RHW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted April 7, 2016
Seattle, Washington

Before: GILMAN,** RAWLINSON, and CALLAHAN, Circuit Judges.

Aaron Dubois appeals the district court's decision affirming the

Commissioner of Social Security's denial of disability insurance benefits and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

supplemental security income under Titles II and XVI of the Social Security Act. On appeal, Dubois argues that the administrative law judge (ALJ) erred by: (1) discrediting his testimony regarding his symptoms' severity; (2) discrediting his mother's testimony; (3) misinterpreting and/or rejecting several medical opinions; and (4) failing to address a Washington State doctor's assessment that Dubois qualifies for Washington's GA-X program. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision de novo. We affirm.

1.      The ALJ did not err in finding that Dubois's reported activities contradict his testimony regarding his symptoms' severity. The ALJ's decision is supported by substantial evidence, including Dubois's academic achievements, daily activities, work history, social activities, and relationships. For example, Dubois earned a Bachelor of Science degree in information technology, engages in a variety of recreational activities, performs numerous daily chores, has a girlfriend and other friends, attends church functions, and volunteers at a computer lab twice a week. *See Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010) (finding that "the inconsistencies in [the claimant's] reported symptoms and activities adequately support the ALJ's adverse credibility finding and justify his decision to discount some of [the claimant's] subjective complaints").

2.      Contrary to Dubois's argument that the ALJ improperly discredited Ms. Dubois's testimony, the ALJ gave "considerable consideration" to her testimony because it was consistent with Dubois's reported activities. Ms. Dubois's testimony regarding her son's limitations is accurately reflected in the ALJ's Residual Functional Capacity determination. The ALJ concluded that Dubois's impairments, including those described by his mother, limit him to performing simple, routine tasks in a low-stress setting with only minimal contact with others.

3.      The ALJ did not err in interpreting the psychological opinions of non-examining physicians Dr. Kester or Dr. Beaty. Consistent with the ALJ's decision, these doctors concluded that Dubois had several moderate limitations but was capable of performing simple work with limited public contact. To the extent that there is any tension between parts I and III of Dr. Kester's Mental Residual Functional Capacity Assessment, the ALJ did not err in relying on Section III. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("[This court] must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

The ALJ did not err in giving minimal weight to the opinions of examining psychologist Dr. Schneider, treating physician Dr. Bhaskaran, and treating

3

mental-health provider Mr. Anderson. The ALJ reasoned that their opinions were contradicted by the opinions of Dr. Kester, Dr. Beaty, and other professionals, and inconsistent with Dubois's reported activities. As explained above, these activities are substantial evidence that Dubois's psychological and physical impairments would not prevent him from performing simple, routine tasks in a low-stress setting with limited contact with others. Because the ALJ provided "specific and legitimate reasons [for rejecting their opinions] that are supported by substantial evidence," *see Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), we hold that the ALJ did not err in resolving conflicting medical opinions. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (upholding the rejection of a medical opinion based on inconsistency with the claimant's activities).

4. The ALJ did not address an assessment by Dr. Colby, a Washington State doctor who certified that Dubois qualified for Washington State's GA-X program. The GA-X or "General Assistance-Expedited" program provides qualifying applicants with temporary financial and medical assistance while their applications to the Commissioner of Social Security are pending. But even assuming that Dr. Colby's assessment was significant, probative evidence that the ALJ was required to address specifically, the ALJ's failure to do so here was

4

harmless.  Dr. Colby's assessment was in the nature of a preliminary determination and was based on a review of the opinions of Mr. Anderson and Dr. Schneider.  Dr. Colby expressed skepticism regarding their opinions and found only "a decent chance . . . that [Dubois] will qualify for [Supplemental Security Income.]"  The ALJ, in turn, rejected Mr. Anderson and Dr. Schneider's opinions and, as explained above, provided specific, legitimate reasons for doing so that are supported by substantial evidence.  In light of these facts, we hold that any error in not specifically addressing Dr. Colby's assessment was harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (explaining that "we may not reverse an ALJ's decision on account of an error that is harmless," and that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

AFFIRMED.